IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DON ALTON HARPER,

              Plaintiff,

     v.                      CASE NO. 11-3122-RDR

U.S. ATTORNEYS OFFICE,
et al.,

              Defendants.

### O R D E R

On July 20, 2011, the court entered a screening order in this matter in which it discussed plaintiff's litigation history including his numerous prior attempts to challenge his convictions in actions not styled as § 2255 motions but eventually construed as such. This court noted that the Tenth Circuit issued a warning after seven such motions that future frivolous motions would lead to sanctions, and Mr. Harper was sanctioned when his last appeal was denied as frivolous. Upon screening, the court found that in this case Mr. Harper appeared yet again to be attempting to challenge his conviction by improper means and without adhering to the statutory provisions governing second and successive § 2255 motions. The court also found that he utterly failed to state a claim for relief under § 1331. 28 U.S.C. § 1331 has been the only actual jurisdictional basis asserted for this action by Mr. Harper,

and he insists it should not be treated as a § 2255 motion.[1] Because plaintiff explicitly styled his complaint as one under § 1331 after having been repeatedly informed that any challenges to his conviction could only be raised in a § 2255 motion, the court found that Mr. Harper had not misunderstood or accidentally misstated the legal basis for this action. The court thus considered this action as it was intentionally styled, that is as a civil complaint, and found it deficient in several respects. Plaintiff was given time to cure the deficiencies or suffer dismissal of this action. Plaintiff was also informed that this action could be treated as a strike under 28 U.S.C. § 1915(g).

In response to the court's screening Order, plaintiff has filed "Motion Requesting . . . Court to Dismiss this Civil(A) pursuant to 28 U.S.C.S.1331." However, plaintiff does not seek to dismiss this action in its entirety so that he may pursue the proper remedy. Instead, he asks the court to dismiss the § 1331 action without prejudice, and "construe this action or complaint into a writ of error." In support of the latter form of action, plaintiff again makes allegations that are nothing other than challenges to his conviction. He also states that he seeks to show that the judgment of conviction is wrong and requests an order discharging him from prison. Plaintiff additionally claims that this court has "prejudiced (his) filings by miscontruing (sic)

---

[1] If this action were liberally construed as yet another successive § 2255 motion or as a § 2241 petition, it would be dismissed for lack of jurisdiction.

complaints," and objects "to this complaint being contrued (sic) into a 2255."

For reasons stated in its prior Order, the court finds that this action was initiated as a § 1331 civil complaint and as such was frivolous. The court further finds that even if this action is now construed as a petition for "writ of error,"[2] it remains a frivolous action.[3] The court finds that Mr. Harper improperly initiated this civil action seeking relief from his conviction despite having plainly been advised in multiple cases that his sole remedy for those challenges is a motion pursuant to 28 U.S.C. § 2255. The court further finds that despite this court's prior Order again clearly stating that § 2255 was his sole remedy for his challenges, plaintiff nonetheless insists on ignoring that legal

---

[2] The "ancient" writ of error coram nobis was available at common law to correct errors of fact. U.S. v. Morgan, 346 U.S. 502, 507 (1954). The issuance of a writ of error coram nobis is "not specifically authorized by any statute" and "if it exists," must be authorized under the All Writs Act, 28 U.S.C. § 1651(a). The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Id. A prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. See U.S. v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999)("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Nor can a defendant use the writ of coram nobis to raise issues that could have been raised on direct appeal or in a motion under 28 U.S.C. § 2255. See U.S. v. Stefanoff, 149 F.3d 1192, *2 (Table)(10th Cir. June 22, 1998)(unpublished opinion cited for persuasive value); U.S. v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001); Barnickel v. U.S., 113 F.3d 704, 706 (7th Cir. 1997).

[3] See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996)(holding that petitions for extraordinary writs are subject to the PLRA because to view the statute otherwise would "allow a loophole Congress surely did not intend."); In re Anderson, 511 U.S. 364 (1994)(forbidding abusive pro se litigant from bringing further extraordinary writs without prepayment of fees, but allowing him to continue to file in forma pauperis for other forms of relief); In re Sindram, 498 U.S. 177 (1991)(same); In re McDonald, 489 U.S. 180 (1989)(same); cf. York v. Terrell, 344 Fed.Appx. 460, 462 (10th Cir. 2009)(unpublished)(petition for writ of mandamus interrelated to a pending habeas corpus petition is not a "civil action" within meaning of PLRA.).

3

principle and pursuing this frivolous action. Mr. Harper may not avoid the consequences of intentionally filing a frivolous civil action by recharacterizing it as another type of frivolous action. Any non-habeas action filed by Mr. Harper in which he seeks to challenge his federal conviction that is not a § 2255 motion, is frivolous. The court concludes that this action must be dismissed upon screening as frivolous. The court further concludes that Mr. Harper shall be assessed the full fee for filing and insisting upon pursuing this frivolous civil action, and that this action shall count as a strike against him under 28 U.S.C. § 1915(g).

The court's screening order also required Mr. Harper to pay the filing fee in full or submit a properly supported motion to proceed in forma pauperis, and advised him that this action could not proceed until he satisfied the statutory filing fee prerequisites. Plaintiff was given time to comply and was forewarned that if he failed, this action could be dismissed without further notice. Plaintiff made no effort to satisfy the filing fee for any type of action.

**IT IS THEREFORE BY THE COURT ORDERED** that this action initiated as a civil complaint pursuant to 28 U.S.C. § 1331, which plaintiff has attempted to amend to a petition for "writ of error," is dismissed as frivolous.

**IT IS FURTHER ORDERED** that, due to plaintiff's failure to comply with the statutory filing fee prerequisites, he is provisionally granted leave to proceed without prepayment of fees;

is assessed the full filing fee for this civil action of $350.00; and is directed to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[4]  Any objection to this order must be filed within twenty (20) days.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Issuance of Subpoena (Doc. 3) and Motion to Dismiss § 1331 action (Doc. 4) are denied as moot.

The clerk is directed to transmit a copy of this order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

**DATED:  This 19th day of August, 2011, at Topeka, Kansas.**

<pre>                                        s/RICHARD D. ROGERS
                                        United States District Judge</pre>

---

[4] Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.